RECEIVED
Mail Room
DEC 12 2019
United States Court of Appeals
District of Columbia Circuit

U.S. COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA

DKT#06-3070

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED DEC 12 2019
CLERK

BRYAN BURWELL, appellant

v.

U.S. OF AMERICA, appellee

4-DSC

MOTION TO RECALL THE MANDATE

COMES NOW, appellant stated above, respectfully moving this honorable court to recall the mandate on my direct appeal U.S. v. Burwell, 690 F.3d 500 (D.C.cir.2012), in light of Ineffective Assistance of Counsel, Alleyne v. U.S., 570 U.S. 99 (2013); Apprendi v. New Jersey, 530 U.S. 466 (2000); U.S. v. Haymond, 139 S.Ct 2369 (2019); Rosemond v. U.S., 134 S.Ct 1240 (2014), also [See] Watson v. U.S., 536 A.2d 1056,1060 (D.C.cir.1987)(en banc)(pertaining to IAC claim on first direct appeal). Also [See] Calderon v. Thompson, 523 U.S. 538 (1998)(the appeals court may recall its mandate to avoid injustice only in extraordinary circumstances), which the appellant herein will unequivocally demonstrate throughout this recall the mandate pleading.

AGRUMENT

1.) The Appellant avers that his first appeal counsel provided [IAC] on [DKT#06-3070], when he failed to put a very important question/ issue dealing with the fifth & sixth amendments rights of the appellant before the appellate court concerning Apprendi v. New Jersey, 530 U.S. 466 (2000), and failed to be competent in understanding all areas of

the appellant's case and the counselor's failure as to asking for the stay in light of a very obvious & significant case such as Alleyne v. U.S., 570 U.S. 99 (2013) at or around the same time as the appellant was on direct appeal and [en banc] in D.C. court of appeals when certiorari was granted in the Supreme Court as to Alleyne. The appellant can clearly show prejudice as to count (11) and had appellate counsel raised the Apprendi, Alleyne and now U.S. v. Haymond, 139 S.Ct 2369 (2019), issue on appeal that conviction would have been reversed, the appellant submits.
(a). Count (11) ambiguously submits on its jury instruction both [semi-automatic weapon & machinegun], both having different mandatory minimums. [semi-automatic weapon] has a 10 year minimum and the [machinegun] has 30 year minimum, and we now have a 20 year window in the mandatory minimums. Unequivocal violations under Alleyne & now Haymond, and even viewing it through the lense of aiding & abetting in which since there has been an intervening change of law on that issue. See Rosemond v. U.S., 134 S.Ct 1240 (2014), the jury instruction was ambiguous and the rule of lenity should have been applied in favor of the appellant herein on the issue of count (11) representing both [semi-automatic weapon & machinegun] and the mandatory minimums of those weapons having a 20 year window in between these different weapons, the appellant avers respectfully. [see also U.S. v. Burwell, 253 F. Supp. 3d 283 (D.C. 5/22/17), the appellant has a Rosemond issue below in abeyance § 2255 procedural posture].

2). The appellant avers that the [IAC] claim meets the heavy burden to move beyond the threshold inquiry and recall the mandate reopening the the appeal and give the claim full consideration. See Watson, 536 A.2d at 1060; these are material facts being layed out and the record &

appellant's arguments and the extra 20 years on the minimum, satisfies the initial burden to show [IAC] on direct appeal, because of counsel's failure to raise obvious & significant Apprendi/Alleyne issue that was a stronger claim than the other claims that were raised, and counsel did not identify any true strategic rationale for failing to raise the Apprendi/Alleyne issue. The appellate counsel rendered a deficient performance by failing to raise the Apprendi/Alleyne issue, that was clearly on its face a stronger issue than those raised and but for counsel's unproffesional errors, the result of the appeal proceeding would have been different and the D.C. appellate court made that clear [see attached footnote (13) from Burwell, 690 F.3d 500 (D.C.cir.2012)]. See Strickland v. Washington, 466 U.S. 668 (1984), and Strickland's prejudice inquiry does not control the context of [IAC] on appeal. What matters is whether, had counsel raised the Apprendi/Alleyne issue on direct appeal , is that the appellate court would have likely reversed count (11) and remand to the district court for resentencing under [semi-automatic weapon] with the 10 year minimum and [NOT the machinegun] with the 30 year minimum, with all these facts and law, it creates an exceptional circumstance, respectfully. See Calderon [S.Ct] & Watson [D.C.] circuit [en banc], and the traditional understanding of the application of the rule of lenity, do to the clear ambiguity on the face of the jury instruction, intertwined with the 20 year window in between the mandatory minimums of count (11)'s [semi-automatic weapon & machinegun], all this and the fact that the appellant took the issue concerning the [semi-automatic weapon & machinegun] all the way to the S.Ct and was denied certiorari.These issues are properly postured for this honorable court to recall the mandate and correct this injustice, respectfully.

3). The appellant avers that Alleyne S.Ct (2013) overruled Harris S.Ct (2002), intertwined with the S.Ct decision in Rosemond as to [aiding & abetting] used to connect the appellant to the machinegun at the jury trial, and made the jury instruction in error of the law in numerous ways, the appellant respectfully submits.

4). The appellant avers thats the touchstone for determining that a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed. While Harris declined to extend this principle to facts increasing mandatory minimums. Apprendi's definition of elements necessarily includes not only facts that increase the ceiling, but also those that increase the floor. Both kind of facts alters the prescribed range of sentences to which the appellant was exposed and do so in a manner that aggravates the punishment, like presenting two statutes in the same count, with different mandatory minimums, as we have herein. See Apprendi, Alleyne and Haymond S.Ct, the appellant respectfully submits.

5). The appellant avers that Rosemond S.Ct (2014), showed that the appellant could not be connected to the machinegun under [aiding & abetting], as it was done at the appellant's trial through the jury instruction, the appellant respectfully submits.

## CONCLUSION

WHEREFORE, all the facts and law presented herein, the appellant respectfully moves this honorable circuit court to grant this recall the mandate motion before it ....

CERTIFICATE OF SERVICE

I, Bryan Burwell, verify and certify that a true and correct copy of this recall the mandate motion has been served upon the D.C. circuit court of appeals clerk, from FCI Williamsburg legal mail window. See Houston v. Lack - mailbox rule .... 11/16/2019 ....

cc: D.C. circuit clerk/appellant/family;

ATTACHMENT(S):

(1) U.S. v. Burwell, 642 F.3d 1062 (D.C.cir.2011)

(2) U.S. v. Burwell, 2011 U.S. D.C. App. Lexis 20699 (D.C.cir.2011)

(3) U.S. v. Burwell, 690 F.3d 500 (D.C.cir.2012)(en banc)

(4) Burwell v. U.S., 568 U.S. 1196, 133 S.Ct 1459 (2013)(No.12-7099)

(5) U.S. v. Burwell, 690 F.3d 500 footnote (13)(D.C.cir.2012)(en banc)

(6) Jury Verdict Transcript pages 8294,8295,8296,8297

(7) U.S. v. Burwell, 253 F. Supp. 3d 283 (D.C.dist.5/22/2017)

/s/

Bryan Burwell
FCI Williamsburg
P.O. Box 340
Salters, S.C. 29590

Bryan Burwell

**UNITED STATES OF AMERICA, APPELLEE v. BRYAN BURWELL, AARON PERKINS, MALVIN PALMER, CARLOS AGUIAR, MIGUEL MORROW, AND LIONEL STODDARD, APPELLANTS**
**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**
**642 F.3d 1062; 395 U.S. App. D.C. 241; 2011 U.S. App. LEXIS 8683; 85 Fed. R. Evid. Serv. (Callaghan) 264**
**No. 06-3070 Consolidated with 06-3071, 06-3073, 06-3077, 06-3083, 06-3084**
**February 17, 2011, Argued**
**April 29, 2011, Decided**

**Editorial Information: Subsequent History**

Rehearing denied by, Rehearing, en banc, denied by, Sub nomine at United States v. Perkins, 2011 U.S. App. LEXIS 26303 (D.C. Cir., July 22, 2011)US Supreme Court certiorari denied by Palmer v. United States, 132 S. Ct. 329, 181 L. Ed. 2d 205, 2011 U.S. LEXIS 5840 (U.S., 2011)US Supreme Court certiorari denied by Aguiar v. United States, 132 S. Ct. 357, 181 L. Ed. 2d 225, 2011 U.S. LEXIS 6816 (U.S., 2011)Vacated by, in part, Rehearing, en banc, granted by United States v. Burwell, 2011 U.S. App. LEXIS 20699 (D.C. Cir., Oct. 12, 2011)US Supreme Court certiorari denied by Perkins v. United States, 132 S. Ct. 537, 181 L. Ed. 2d 376, 2011 U.S. LEXIS 7690 (U.S., 2011)On rehearing at, Reinstated by United States v. Burwell, 690 F.3d 500, 402 U.S. App. D.C. 193, 2012 U.S. App. LEXIS 16094 (2012)Post-conviction relief denied at, As moot United States v. Aguiar, 82 F. Supp. 3d 70, 2015 U.S. Dist. LEXIS 17189 (D.D.C., 2015)Post-conviction proceeding at, Motion granted by, Petition granted by In re Aguiar, 2016 U.S. App. LEXIS 11584 (D.C. Cir., June 23, 2016)

**Editorial Information: Prior History**

**{2011 U.S. App. LEXIS 1}**
Appeals from the United States District Court for the District of Columbia. (No. 04cr00355-05).United States v. Burwell, 2006 U.S. App. LEXIS 22458 (D.C. Cir., Aug. 31, 2006)

**Counsel** Robert S. Becker, appointed by the court, argued the issues Other-Crimes Evidence, Bias Cross-Examination Evidence, and Motion to Sever. William Francis Xavier Becker, appointed by the court, argued the issue of Sufficiency of Machine-Gun Evidence. With them on the briefs were Mary E. Davis, Allen H. Orenberg, and David B. Smith, appointed by the court, A. J. Kramer, Federal Public Defender, and W. Gregory Spencer, Assistant Federal Public Defender.

Stratton C. Strand, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Ronald C. Machen Jr., U.S. Attorney, Roy W. McLeese III, Daniel P. Butler, and Stephanie C. Brenowitz, Assistant U.S. Attorneys.

**Judges:** Before: HENDERSON, TATEL and BROWN, Circuit Judges. Opinion for the Court by Circuit Judge BROWN.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** A jury convicted defendants of Racketeer Influenced & Corrupt Organizations Act conspiracy under 18 U.S.C.S. § 1962(d) and conspiracy to commit armed bank robbery under 18 U.S.C.S. § 371. Each defendant was also convicted for his individual participation in specific bank robberies and of various firearms offenses. Defendants appealed from the United States District Court for the District of Columbia.Defendant's use of violence and weapons was not modus operandi evidence or relevant to identity, but, evidence of three carjackings, stolen cars, use of false

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

21573016

names, and marijuana cultivation and distribution was relevant to prove their association for the conspiracy under 18 U.S.C.S. §§ 1961(4), 1962(d), and admissible under Fed. R. Evid. 404(b).

**OVERVIEW:** Under Fed. R. Evid. 104(b), 404(b), evidence of other crimes could be conditionally admitted subject to the government later introducing sufficient evidence for the jury reasonably to find defendants committed those crimes. Thus, the district court's failing to make an explicit sufficiency determination on its own initiative was not plain error. Defendant's use of violence and weapons was not modus operandi evidence or relevant to identity. But, evidence of three carjackings, stolen cars, use of false names, and marijuana cultivation and distribution was relevant to prove defendants' association for the conspiracy under 18 U.S.C.S. §§ 1961(4), 1962(d). Because a co-conspirator/government witness was intimately involved in the planning and execution of one robbery, the jury reasonably could have credited his testimony that one defendant carried the two-handled AK-47 over the bank manager's, especially as the manager was under duress and observed the weapons only briefly. The government was not required to prove beyond a reasonable doubt that defendant knew he was using or carrying a machine gun under 18 U.S.C.S. § 924(c)(1)(B)(ii), as opposed to a semi-automatic firearm.

**OUTCOME:** The convictions were affirmed.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**United States of America, Appellee v. Bryan Burwell, also known as Bush, Appellant**
**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**
**2011 U.S. App. LEXIS 20699**
**No. 06-3070**
**October 12, 2011, Filed**

**Editorial Information: Prior History**

**{2011 U.S. App. LEXIS 1}**
04cr00355-01. 04cr00355-02. 04cr00355-03. 04cr00355-05. 04cr00355-06. 04cr00355-08.United States v. Burwell, 642 F.3d 1062, 395 U.S. App. D.C. 241, 2011 U.S. App. LEXIS 8683 (2011)

**Counsel** For United States of America, Plaintiff - Appellee: Stephanie C. Brenowitz, Assistant U.S. Attorney, Daniel Pierce Butler, Ronald C. Machen, Jr., Esquire, U.S. Attorney, Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, Stratton Christopher Strand, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, (USA) Appellate Division, Washington, DC.
For **Bryan Burwell**, also known as **Bush**, Defendant - Appellant: Robert S. Becker, Law Offices of Robert S. Becker, Washington, DC.
For A. J. Kramer, Appointed Amicus Curiae for Appellant: A. J. Kramer, Federal Public Defender, Office of the Federal Public Defender (FPD), Washington, DC.

**Judges:** BEFORE: Sentelle, Chief Judge, and Ginsburg, Henderson, Rogers, Tatel, Garland, Brown, Griffith, and Kavanaugh, Circuit Judges.

## Opinion

**ORDER**

Upon consideration of the petition of appellant Bryan Burwell for rehearing en banc and the brief of amicus curiae Federal Public Defender, the response thereto, and the vote in favor of the petition by a majority of the judges eligible to participate, it is

**ORDERED** that the petition be granted. Case No. 06-3070 will be reheard by the court sitting **{2011 U.S. App. LEXIS 2}**en banc. It is

**FURTHER ORDERED** that the portion of the court's April 29, 2011 judgment affirming the conviction and sentence of appellant Burwell be vacated. It is

**FURTHER ORDERED** that the oral argument before the en banc court be heard at 9:30 a.m. on Monday, January 30, 2012. It is

**FURTHER ORDERED** that, in addition to filing briefs electronically, the parties file 20 paper copies each of the briefs and the appendix, in accordance with the following schedule:

The briefs are to be limited to the question of mens rea regarding 18 U.S.C. § 924(c).

Because the briefing schedule is keyed to the date of argument, the court will grant requests for extension of time limits only for extraordinarily compelling reasons. The briefs and appendix must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Rule 28(a)(8).

A separate order will issue regarding allocation of oral argument time.

**Per Curiam**

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**UNITED STATES OF AMERICA, APPELLEE v. BRYAN BURWELL, ALSO KNOWN AS BUSH, APPELLANT**
**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**
**690 F.3d 500; 402 U.S. App. D.C. 193; 2012 U.S. App. LEXIS 16094**
**No. 06-3070**
**January 30, 2012, Argued**
**August 3, 2012, Decided**

**Editorial Information: Subsequent History**

US Supreme Court certiorari denied by Burwell v. United States, 133 S. Ct. 1459, 185 L. Ed. 2d 368, 2013 U.S. LEXIS 1832 (U.S., 2013)Post-conviction relief denied at United States v. Stoddard, 74 F. Supp. 3d 332, 2014 U.S. Dist. LEXIS 164476 (D.D.C., 2014)Post-conviction relief denied at, Motion denied by, Certificate of appealability denied United States v. Morrow, 102 F. Supp. 3d 232, 2015 U.S. Dist. LEXIS 56647 (D.D.C., 2015)

**Editorial Information: Prior History**

**{2012 U.S. App. LEXIS 1}**
Appeal from the United States District Court for the District of Columbia. (No. 04cr00355-05).United States v. Burwell, 642 F.3d 1062, 395 U.S. App. D.C. 241, 2011 U.S. App. LEXIS 8683 (2011)

**Counsel** Robert S. Becker, appointed by the court, argued the cause and filed the briefs for appellant.

A.J. Kramer, Federal Public Defender, and Rosanna M. Taormina, Assistant Federal Public Defender, were on the brief of the Federal Public Defender as amicus curiae in support of appellant.

Paul F. Enzinna and Barry J. Pollack were on the brief of amicus curiae National Association of Criminal Defense Lawyers, Inc. in support of appellant. brief of the Federal Public Defender as amicus curiae in support of appellant.

Stratton C. Strand, Assistant U.S. Attorney, argued the cause for appellee. With him on the briefs were Ronald C. Machen Jr., U.S. Attorney, and Roy W. McLeese III, Daniel P. Butler, and Stephanie C. Brenowitz, Assistant U.S. Attorneys.

**Judges:** Before: SENTELLE, Chief Judge, and HENDERSON, ROGERS, TATEL, GARLAND, BROWN, GRIFFITH and KAVANAUGH, Circuit Judges. Opinion for the Court filed by Circuit Judge BROWN. Concurring opinion filed by Chief Judge SENTELLE. Concurring opinion filed by Circuit Judge HENDERSON. Dissenting opinion filed by Circuit Judge ROGERS. Dissenting opinion filed by Circuit **{2012 U.S. App. LEXIS 2}**Judge KAVANAUGH, with whom Circuit Judge TATEL joins.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** The United States District Court for the District of Columbia sentenced appellant to concurrent prison terms of 135 months for RICO conspiracy and armed bank robbery, 60 months for conspiracy to commit armed bank robbery, and a consecutive term of 360 months for using or carrying a machinegun during the robbery. After an appeal before the instant court, appellant sought rehearing en banc.Appellant's conviction was affirmed. High burden imposed on party who urged court to depart from stare decisis was not satisfied. It could not be said Congress simply forgot about mens rea when it drafted 18 U.S.C.S. § 924(c); § 924(c)(1)(B)(ii) did not require government to prove defendant

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

knew weapon he used, carried, or possessed was machinegun.

**OVERVIEW:** Only a single legal question remained: whether 18 U.S.C.S. § 924(c)(1)(B)(ii), which imposed a mandatory 30 year sentence for any person who carried a machinegun while committing a crime of violence, required the government to prove that a defendant knew the weapon he was carrying was capable of firing automatically. Appellant argued the government presented insufficient evidence to support his conviction under § 924(c)(1)(B)(ii) because the government failed to show he knew the AK-47 he carried was capable of firing automatically. By claiming § 924(c)(1)(B)(ii) contained an additional, implicit mens rea requirement, appellant asked the instant court to set aside a circuit precedent that governed its interpretation for 20 years. Appellant and his amici failed to establish that any intervening legal development weakened, much less removed, the conceptual underpinnings of the instant court's decision in Harris. It could not be said that Congress simply forgot about mens rea when it drafted § 924(c); § 924(c)(1)(B)(ii) did not require the government to prove that a defendant knew that the weapon he used, carried, or possessed was a machinegun.

**OUTCOME:** Appellant's conviction was affirmed.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Bryan Burwell, aka Bush, Petitioner v. United States.**
**SUPREME COURT OF THE UNITED STATES**
**568 U.S. 1196; 133 S. Ct. 1459; 185 L. Ed. 2d 368; 2013 U.S. LEXIS 1832; 81 U.S.L.W. 3470**
**No. 12-7099.**
**February 25, 2013, Decided**

**Editorial Information: Prior History**

United States v. Burwell, 690 F.3d 500, 402 U.S. App. D.C. 193, 2012 U.S. App. LEXIS 16094 (2012)
**Judges:** Roberts, Scalia, Kennedy, Thomas, Ginsburg, Breyer, Alito, Sotomayor, Kagan.

**Opinion**

Petition for writ of certiorari to the United States Court of Appeals for the District of Columbia Circuit denied.



© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

21573016

A fact is an element of the offense for mens rea purposes if Congress made it an element of the **{2012 U.S. App. LEXIS 116}**offense. An interesting question - not presented in this case - is how the presumption applies to a fact that Congress made a sentencing factor but that must be treated as an element of the offense for Fifth and Sixth Amendment purposes. *See Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The presumption of mens rea arguably should apply in those cases as well, given the presumption's historical foundation and quasi-constitutional if not constitutional basis. But I need not cross that bridge in this case because *O'Brien* said that Congress intended the automatic character of the gun to be an element of the Section 924(c) offense, not a sentencing factor.

In its 2010 decision in *United States v. O'Brien*, the Court unanimously concluded that a firearm's automatic character is an element of the Section 924(c) offense as written and intended by Congress - and not a sentencing factor. 130 S. Ct. 2169, 176 L. Ed. 2d 979 (2010). The question there concerned whether the Government had to prove the fact that the weapon was automatic to a jury beyond a reasonable doubt. *See id.* at 2173-74. The *O'Brien* Court said yes, because the automatic character of the weapon is an element of the Section 924(c) offense. The Court **{2012 U.S. App. LEXIS 117}**reasoned that the nature of the weapon was a characteristic of the offense, and characteristics of the offense "are traditionally treated as elements." *Id.* at 2176. In addition, the Court explained that the "drastic" increase in the minimum sentence when the firearm is automatic "strongly suggests a separate substantive crime," not merely a sentencing factor. *Id.* at 2177.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

21573016

Page 8294

firearm or aided and abetted the brandishing of the firearm, proven or not proven?

THE FOREPERSON: Proven.

THE COURT: Defendant Aguiar discharged the firearm or aided and abetted the discharge of the firearm, proven or not proven?

THE FOREPERSON: Proven.

THE COURT: The firearm was a semi-automatic assault weapon, proven or not proven?

THE FOREPERSON: Proven.

THE COURT: The firearm was a machine gun, proven or not proven?

THE FOREPERSON: Not proven.

THE COURT: All right. Let me move to Count 13. Unlawful possession of a firearm, on or about June 12, 2004, by a person convicted of a crime punishable by imprisonment for a term exceeding one year, guilty or not guilty?

THE FOREPERSON: Guilty.

THE COURT: Count 20, unlawful possession of a firearm, on or about August 4, 2004, by a person convicted of a crime punishable by imprisonment for a term exceeding one year, guilty or not guilty?

THE FOREPERSON: Guilty.

THE COURT: All right. Let me give you a moment and we'll move to the next defendant.

Page 8295

All right. Let me move to the unanimous verdict as to Bryan Burwell.

All right. Let me start with Count 1. Conspiracy to conduct and participate directly and indirectly in the affairs of an enterprise through a pattern of racketeering activity from on or about January 21, 2004 and continuing thereafter up to and including on or about August 5, 2004, guilty or not guilty as to Mr. Burwell?

THE FOREPERSON: Guilty.

THE COURT: Let me go through the racketeering acts.

Let me start with racketeering act number three. Armed robbery of the Industrial Bank located at 2012 Rhode Island Avenue, Northeast, Washington, D.C., on or about June 12, 2004, proven or not proven?

THE FOREPERSON: Proven.

THE COURT: Racketeering act six. Armed robbery of the Chevy Chase Bank located at 5823 Eastern Avenue, Chillum, Maryland, on or about May 27, 2004, proven or not proven?

THE FOREPERSON: Proven.

THE COURT: All right. Let me move back to the counts.

Count 2. Conspiracy to commit offenses against the United States; that is, armed robberies of banks, the deposits of which were then insured by the Federal Deposit Insurance Corporation, guilty or not guilty?

Page 8296

THE FOREPERSON: Guilty.

THE COURT: Count 10. Armed robbery of Industrial Bank, on or about June 12, 2004, guilty or not guilty?

THE FOREPERSON: Guilty.

THE COURT: Count 11. Using and carrying a firearm during and in relation to a crime of violence, on or about June 12, 2004, guilty or not guilty?

THE FOREPERSON: Guilty.

THE COURT: All right. Then let me move to the questions relating to the firearm.

Defendant Burwell used or carried a firearm or aided and abetted the use and carrying of the firearm, proven or not proven?

THE FOREPERSON: Proven.

THE COURT: Defendant Burwell possessed a firearm or aided and abetted the possession of the firearm, proven or not proven?

THE FOREPERSON: Proven.

THE COURT: Defendant Burwell brandished the firearm or aided and abetted the brandishing of the firearm, proven or not proven?

THE FOREPERSON: Proven.

THE COURT: Defendant Burwell discharged the firearm or aided and abetted the discharge of the firearm, proven or not proven?

Page 8297

THE FOREPERSON: Proven.

THE COURT: The firearm was a semi-automatic assault weapon, proven or not proven?

THE FOREPERSON: Proven.

THE COURT: The firearm was a machine gun, proven or not proven?

THE FOREPERSON: Proven.

THE COURT: All right. Let me give you a moment and we'll move to the next defendant.

All right. This relates to the unanimous verdict of the jury as to Aaron Perkins.

Let me start with Count 1. Conspiracy to conduct and participate directly and indirectly in the affairs of an enterprise through a pattern of racketeering activity from on or about January 21, 2004 and continuing thereafter up to and including on or about August 5, 2004, guilty or not guilty as to Defendant Perkins?

THE FOREPERSON: Guilty.

THE COURT: Let me give you one moment. Just take your time. I know this is difficult.

All right. Then let me move to some of the racketeering acts as to whether they were proven or not proven.

Racketeering act four. Armed robbery of the SunTrust Bank located at 5000 Connecticut Avenue, Northwest, Washington, D.C., on or about June 29, 2004, proven or not proven?

**UNITED STATES OF AMERICA, v. BRYAN BURWELL, Defendant.**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**253 F. Supp. 3d 283; 2017 U.S. Dist. LEXIS 77151**
**Criminal No. 04cr355-05 (CKK),(Civil Action No. 14-270)**
**May 22, 2017, Decided**
**May 22, 2017, Filed**

**Editorial Information: Prior History**

United States v. Burwell, 79 F. Supp. 3d 1, 2015 U.S. Dist. LEXIS 4839 (D.D.C., Jan. 15, 2015)

**Counsel** **{2017 U.S. Dist. LEXIS 1}BRYAN BURWELL**, also known as BUSH, Defendant (1:04-cr-00355-CKK-5), Pro se, Bruceton Mills, WV.

For **BRYAN BURWELL**, also known as BUSH, Defendant (1:04-cr-00355-CKK-5): Anthony Douglas Martin, LEAD ATTORNEY, ANTHONY D MARTIN, PC, Greenbelt, MD; Gregory S. Smith, LEAD ATTORNEY, LAW OFFICES OF GREGORY S. SMITH, Washington, DC; Robert Saul Becker, LEAD ATTORNEY, LAW OFFICES OF ROBERT S. BECKER, Washington, DC.

For USA, Plaintiff (1:04-cr-00355-CKK-5): Barbara E. Kittay, LEAD ATTORNEY, BARBARA E. KITTAY, ESQUIRE, Rockville, MD; Barry Wiegand, Thomas Anthony Quinn, LEAD ATTORNEYS, U.S. ATTORNEY'S OFFICE, Washington, DC; Daniel Pearce Butler, LEAD ATTORNEY, U.S. DEPARTMENT OF JUSTICE, Fraud Section, Criminal Division, Washington, DC.

**BRYAN BURWELL**, Petitioner (1:14-cv-00270-CKK), Pro se, Bruceton Mills, WV.

**Judges:** COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE.

**Opinion**

**Opinion by:** COLLEEN KOLLAR-KOTELLY

**Opinion**

**{253 F. Supp. 3d 284} MEMORANDUM OPINION AND ORDER**

On January 15, 2015, March 12, 2015, and February 16, 2016, the Court issued Memorandum Opinions and accompanying Orders addressing each of Bryan Burwell's claims raised in his [822] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 motion") which the Court ultimately denied in its**{2017 U.S. Dist. LEXIS 2}** entirety. Presently before the Court is Burwell's *pro se* [953] Motion Under Federal Rule of Civil Procedure 59(e). In his motion, Burwell requests that the Court reconsider its decision not to issue a Certificate of Appealability after denying his § 2255 motion.1 Specifically, Burwell argues that the Court should reconsider its ruling with respect to three issues: (1) its determination to credit the testimony of Burwell's trial counsel over that of Burwell and his purported alibi witness; (2) Burwell's challenge to the jury instructions related to his 18 U.S.C. § 924(c) conviction in light of the holding of the Supreme Court of the United States ("Supreme Court") in *Rosemond v. United States*, __ U.S. __, 134 S. Ct. 1240, 188 L. Ed. 2d 248 (2014); and (3) Burwell's challenge to his conviction under § 924(c) in light of the holding of the

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Supreme Court's holding in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Bryan Burwell
# 21573-016
FCI WILLIAMSBURG
P.O Box 340
Salters, SC 29590




⇔21573-016⇔
Clerk Of The Court
Room-5523
333 Constitution AVE NW
U.S Court Of Appeals
Washington, DC 20001-2866
United States

"Legal
Mail"